IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Herman Lee Bridges, | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| Jon Barry & Associates, Inc. d/b/a Paragon Revenue Group, | : **COMPLAINT** <br> : **JURY TRIAL DEMANDED** |
| Defendant. | : |

For this Complaint, the Plaintiff, Herman Lee Bridges, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the North Carolina Fair Debt Collection Practices Act in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Herman Lee Bridges ("Plaintiff"), is an adult individual residing in Shelby, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Jon Barry & Associates, Inc. d/b/a Paragon Revenue Group ("Paragon"), is a North Carolina business entity with an address of 216 Le Phillip Court, Concord, North Carolina 28025, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Paragon for collection, or Paragon was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Paragon Engages in Harassment and Abusive Tactics**

10. Several times in the month of September, 2011 Paragon has placed several calls a week to Plaintiff's elderly parents' residential telephone in an attempt to collect the Debt.

11. Plaintiff's parents are third parties to the Debt.

12. Paragon utilizes an automated recording when placing calls to Plaintiff's parents. Paragon's automated recording instructs the recipient to hang up the telephone if he or she is not

"Herman Lee Bridges." Per the recording, Plaintiff's parents hang up the telephone because they are not "Herman Lee Bridges." Despite following the instructions given by Paragon's automated recording, Paragon continues to call Plaintiff's parents several times a week with regard to the Debt.

13. The automated recording discloses that Paragon is attempting to collect the Debt.

14. Paragon has placed as many as four (4) calls a day to Plaintiff's residential telephone in an attempt to collect the Debt.

C. **Plaintiff Suffered Actual Damages**

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendant's conduct violated 15 U.S.C. § 1692b(3) in that Defendant contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

19. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

3

20. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

21. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22. The Plaintiff is entitled to damages as a result of Defendant's violations.

### COUNT II
### VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT
### N.C. Gen.Stat. § 58-70, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

25. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

26. The Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the Plaintiff under the circumstances or at times known to be times other than normal waking hours of the Plaintiff, in violation of N.C. Gen.Stat. § 58-70-100(3).

### COUNT III
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

29. North Carolina further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated North Carolina state law.

30. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to him and his parents.

31. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b);

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiff; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 16, 2011

                Respectfully submitted,

                By /s/ Stacie Watson

                Stacie Watson, Esq. (Bar No.: 23890)
                Law Office of Stacie Watson.
                P.O. Box 1412
                Apex, North Carolina 27502
                Telephone: (919) 522-6128
                Facsimile: (919) 439-5308
                Email: swatsonattorney@bellsouth.net
                Attorneys for Plaintiff

                Of Counsel To:

                LEMBERG & ASSOCIATES L.L.C.
                1100 Summer Street, 3rd Floor
                Stamford, CT 06905
                Telephone: (203) 653-2250
                Facsimile: (203) 653-3424